NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS ESCOBAR MAZARIEGOS,
AKA Bulmaro Salazar Lopez,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-72948

Agency No. A200-700-008

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
Phoenix, Arizona

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Douglas Escobar Mazariegos, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals' ("BIA") decision

affirming an immigration judge's ("IJ") dismissal of his request for cancellation of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. In the context of cancellation, we lack jurisdiction to review the IJ's or BIA's denials of discretionary relief, 8 U.S.C. § 1252(a)(2)(B)(i), but we retain jurisdiction to review de novo questions of law, 8 U.S.C. § 1252(a)(2)(D); Ridore v. Holder, 696 F.3d 907, 911 (9th Cir. 2012). We dismiss in part and deny in part.

1. To the extent that Petitioner argues that the BIA applied the wrong legal standard for evaluating "extreme and unusual hardship," we have jurisdiction, Mendez-Castro v. Mukasey, 552 F.3d 975, 979 (9th Cir. 2009), and we disagree. The BIA adopted the IJ's reasoning and explained why it agreed with her decision. The IJ evaluated the hardship to Petitioner's children, both individually and in the aggregate, considering numerous factors. Matter of Monreal-Aguinaga, 23 I&N Dec. 56, 63–64 (BIA 2001); Matter of Andazola-Rivas, 23 I&N Dec. 319, 323–24 (BIA 2002); Matter of Gonzalez Recinas, 23 I&N Dec. 467, 468–73 (BIA 2002). The BIA's decision noted that those factors included "relevant medical and educational concerns, country conditions, and the resulting emotional and financial consequences of removal."

2. To the extent that Petitioner argues that the BIA erred by incorrectly applying a correct legal standard to undisputed facts, we adopt the approach from De La Rosa-Rodriguez v. Garland, 49 F.4th 1282 (9th Cir. 2022). There, we held that "we can assume statutory jurisdiction arguendo" over whether the BIA properly applied the legal standard for "extreme and unusual hardship" because

2

"the jurisdictional issue is complex, but the claim asserted clearly lacks merit." 49 F.4th at 1291 (emphasis omitted). As there, we reject the claim on the merits. Petitioner claims exceptional and extremely unusual hardship to his children, but the record shows that Petitioner's parents live in Guatemala, that his children can speak Spanish and read and write some Spanish, and that none of his children exhibited a physical or mental disability.

3. To the extent that Petitioner argues that the IJ abused his discretion by failing to accept late evidence, we have jurisdiction, and reject that claim. See Taggar v. Holder, 736 F.3d 886, 889 (9th Cir. 2013) (holding that we review for abuse of discretion an IJ's decision to deem documents waived as untimely under 8 C.F.R. § 1003.31, which applies to "the filing of all documents . . . before the immigration courts"). The IJ set a reasonable deadline according to the guidelines set forth in Chapter 3.1(b)(ii)(A) of the Immigration Court Practice Manual. See 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."). Petitioner knew of the deadline, waited until the eve of the hearing to file his additional evidence, and then filed using an alias the court did not recognize. The IJ did not err by deciding that accepting the late-filed evidence would prejudice the government.

4. We dismiss Petitioner's constitutional claims because they are not colorable. "[A]bsent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that [Petitioner] failed to prove that removal would result in exceptional and extremely unusual hardship" to his children, who are United States citizens. Vilchiz-Soto v. Holder, 688 F.3d 642, 644 (9th Cir. 2012). First, Petitioner claims that his children were deprived of a right to counsel. That claim fails because a petitioner's family members do not have standing to intervene in pending removal proceedings. Agosto v. Boyd, 443 F.2d 917, 917 (9th Cir. 1971) (per curiam). Next, Petitioner argues that the IJ's exclusion of exhibits and rejection of his witness list as untimely[1] violated his due process rights. That claim fails because Petitioner neglected to meet the reasonable submission deadlines, which the original IJ had set pursuant to his discretion. 8 C.F.R. § 1003.31(h). Finally, Petitioner asserts that the substitute IJ erred when she rendered a decision based only on her review of the record and rushed her determination to meet an agency-imposed quota for decisions. Both of those claims fail because the record does not support the assertion that the IJ rushed her determination in this case. Rather, Petitioner simply recasts abuse-of-discretion arguments as constitutional claims. See Torres-Aguilar v. INS, 246 F.3d 1267,

---

[1] The IJ's decision does not explicitly state that Exhibit 13 was rejected on timeliness grounds. Nonetheless, we assume that the IJ rejected the exhibit on those grounds given the parties' arguments and the evidence in the record.

4

1271 (9th Cir. 2001) (holding that "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb").

5. An incomplete initial Notice to Appear ("NTA") did not divest the IJ of jurisdiction. See United States v. Bastide-Hernandez, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc) (holding that a failure to include the time and date on an NTA does not strip the IJ of jurisdiction), cert. denied, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023). Thus, Petitioner did not continue to accrue physical presence for the purpose of eligibility for cancellation.

**PETITION DISMISSED IN PART AND DENIED IN PART.**